[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11485
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-00011-MW-GRJ

JAMES BRUCE DESTEPHENS,

Plaintiff -Appellant,

versus

SADIE DARNELL,
Sheriff of Alachua County Florida,
DAVID DURDEN,
Deputy,
CHRISTOPHER DASHER,
Deputy,
JOHN DOE,
other Deputies,

Defendants – Appellees,

MICHAEL RICHARDSON,
Deputy, et al,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 19, 2019)

Before WILLIAM PRYOR, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Alachua County Deputies David Durden and Christopher Dasher separately arrested James DeStephens on charges of domestic battery and strangulation (Deputy Durden/Jan. 2013) and domestic battery (Deputy Dasher/Dec. 2013).  The arrests were based on the accusations of Jacqueline Weeks, who was Mr. DeStephens' girlfriend.

Mr. DeStephens sued Deputies Durden and Dasher for false arrest under 42 U.S.C. § 1983.  The district court concluded that Deputies Durden and Dasher each had probable cause (or at least arguable probable cause) to arrest Mr. DeStephens, and granted summary judgment in their favor.

Mr. DeStephens now appeals.  He disputes Ms. Weeks' accusations, and asserts that material issues of fact precluded summary judgment.  Following a review of the record, we affirm for the reasons set forth in the district court's well-reasoned order.  *See*  D.E. 117 at 6-13.

To summarize, there was probable cause for the two arrests.  Deputies Durden and Dasher each (1) had the statements of Ms. Weeks accusing Mr. DeStephens of battery, and (2) observed visible bruising on Ms. Weeks which was consistent with her allegations.  Mr. DeStephens argues that the Deputies should have disbelieved Ms. Weeks (because she had been Baker-acted, had alcohol-related problems, and

2

wanted revenge on Mr. DeStephens).  He also contends that further investigation would have shown that Ms. Weeks' claims against him were false.  But we agree with the district court that, under the circumstances, the Deputies were entitled to rely on Ms. Weeks' statements and the physical evidence to establish probable cause. *See Rankin v. Evans*, 133 F.3d 1425, 1441 (11th Cir. 1998).  And because the Deputies had probable cause for their respective arrests, there is no basis for the liability of Sadie Darnell, the Sheriff of Alachua County.

**AFFIRMED.**